Attorneys—Albert H. Fry, for Hattie; E. H. Ray, for Gordon; both of Toledo.

---

No. 347

BEVERIDGE v. INDUSTRIAL COMM.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5003. Decided Dec. 15, 1924.

1081. WORKMEN'S COMPENSATION—If plaintiff on appeal to Common Pleas foregoes any of the items in his application to the Industrial Commission, and limits himself to but one item, he thereby waives his right of appeal as to those items not alleged in his petition.

LEVINE, J.

This case was heard in the Cuyahoga Common Pleas where it had been taken on appeal from an order of the Industrial Commission. Charles Beveridge was an employe of the Willard Storage Battery Co. and in the course of his employment his eye was injured. He filed his application for compensation, to the Commission, which was rejected. The common pleas rendered judgment in his favor for $1,200, said judgment being affirmed by the Appeals.

After the award had been made, Beveridge filed an application praying that the Commission modify it by allowing an additional $258.84 as compensation for his total disability, and also for medical care and hospital expenses. These two items were not mentioned in the petition when he appealed the rejection of the commission to common pleas and recovered an award of $1,200. The Commission rejected the application and it was appealed to the Common Pleas Under 1465-80 GC. Judgment was directed in favor of the Commission on its motion, at the conclusion of Beveridge's statement. Error was prosecuted to the Court of Appeals and it held:

Where Beveridge limited himself to one item in his application to the commission, namely for total disability, without inserting items for temporary total disability, and merical expenses, he thereby waives his appeal as to those items not alleged in his petition.

Judgment of the Common Pleas is affirmed.

Attorneys—E. W. Dissette for Beveridge; G. C. Hansen for Commission; all of Cleveland.

---

No. 348

CLEVE. RY. CO. v. HEWIS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5291. Decided Nov. 17, 1924.

1162. TESTIMONY—Interpreter's written transcript of what she said as to how an accident occurred not admitted to impeach her evidence as a trial witness.

PER CURIAM

Anna Hewis brought this original action in the Cuyahoga Common Pleas in which she essayed to recover damages for an injury sustained by her due to negligence on part of Cleveland Railway Co. A verdict for $1680 was returned in her favor and judgment thereon was rendered.

The Railway Co. assigns one ground of error in the lower court to-wit: The rejection of evidence tending to impeach the testimony of a Mrs. Yurki, a witness for Hewis. It appears that a company investigator called upon Mrs. Yurki and interpreted into English what she had to say concerning the accident. The investigator alleges that said interpretation was read back to Mrs. Yurki by one Jackson. Said Jackson was not to be found on trial day, however.

The Court of Appeals held that it would be dangerous practice to admit such a statement in evidence, and the fact that Jackson could not be found, furnishes a sufficient reason for rejection of evidence of statement. Judgment of common pleas affirmed.

Attorneys—Squire, Sanders & Dempsey, for Company; Crosser, Bishop & Blythin, for Hewis; all of Cleveland.